**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gregorio Rosario CAMACHO, Defendant-
Appellant.**

**No. 74–1995.**

United States Court of Appeals,
Ninth Circuit.

Nov. 5, 1974.

Mitchell A. Stevens, Arriola, Cushnie & Stevens, Agana, Guam, for defendant-appellant.

Duane Craske, U. S. Atty., Agana, Guam, for plaintiff-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and BURNS,* District Judge.

## OPINION

BURNS, District Judge:

Appellant (Camacho) was convicted for making false statements (18 U.S.C. § 1001) resulting from his use of an invalid active duty military identification card. We are asked to decide whether his production of this card in response to a military security officer's request for identification was a violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant Camacho received an Army discharge in February of 1972, at which time he was supposed to, but apparently did not, turn in his military I.D. Thereafter, he made use of the identification card to make purchases in a Naval Exchange store located on the Naval Air Station on Guam and also to obtain a Navy automobile identification decal. As a result of these falsifications, Navy security personnel became suspicious of Camacho. On June 17, 1973, Camacho was approached by several security officers while on the Naval Air Base. The Chief Naval Station Security Officer asked him to identify himself. Appellant responded by producing the invalid identification card, which was thereupon confiscated by the Security Officer on

the basis that it was illegally possessed. Appellant was arrested only after he refused to accompany the officers voluntarily to the security office for questioning.

■■■ These circumstances do not require the warning against self-incrimination called for by Miranda. The Navy has a legitimate interest in maintaining the security of its installations. To protect that interest, security personnel may require a visitor to identify himself whether or not there are indications that he has committed a criminal offense.[1] Thus the request that Camacho identify himself was proper, and once he produced an invalid military identification card in response to that request[2] it was subject to immediate seizure as government property.[3] The military acts within its rights when it forbids use of its property for purposes other than those for which it was provided and reclaims it when it is improperly used. Nor did circumstances require that Camacho be given Miranda warnings; he was not asked to produce the admittedly incriminating card, but merely to identify himself. Having chosen to identify himself with the illegally possessed card, he may not now be heard to complain that he was compelled to do so.

■■■ Miranda also requires that the Defendant be in custody or otherwise deprived of his freedom of action in some significant manner before a warning against self-incrimination need be given. Mere request for written identification of a person, even a suspect, by law enforcement or security officers, does not necessitate the giving of Miranda warnings. Factually, Camacho was not within the "custody" of the Naval Security Officials when he was

---

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

1. Cf. United States v. Vaughn, 475 F.2d 1262 (10th Cir. 1973), stating, but not holding, that visitors on military installations are subject to full scale search in the interest of military security.

2. The back of the card contained the following warning: "WARNING: Issued for official use of the holder designated hereon. Use or possession except as prescribed is unlawful and will make the offender liable to heavy penalty—18 U.S.C. 499, 506 and 701."

3. "Property of the United States Government" is printed on the card itself.

asked to and did produce identification.[4] Hence, his surrender of the card was not a violation of *Miranda*.

 Finally, before the safeguards of the Fifth Amendment can apply, a testimonial rather than non-testimonial act must be involved.[5] Production of a military identification card is not testimonial in the *Miranda* sense, but rather is more comparable to giving a handwriting exemplar,[6] facing a line-up,[7] or leaving one's name and address at the scene of an automobile accident.[8] Each of these situations involves a non-testimonial identification of the Defendant that is constitutionally permissible. As this Court stated in United States v. Leal, 460 F.2d 385, 389 (9th Cir. 1972), "The identification of oneself is not self-incriminating and thus not protected by the Fifth Amendment." [9] For these reasons, we find that Camacho's reliance on *Miranda* is unavailing.

Judgment affirmed.

---

4. *Cf.* Miranda v. Arizona, 384 U.S. 436 at 444, 86 S.Ct. 1602 (1966).

5. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

6. Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

7. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

8. California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971).

9. We need not decide Appellant's contention that production of the identification card was itself a crime which would differentiate it from the other examples of non-testimonial evidence which identify a defendant. Camacho was indicted for prior misuse of the identification card, not for falsely identifying himself to the Naval Security Officer.